IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELODY S. OLINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-229-E |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

O R D E R

      AND NOW, this 30th day of September, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.   *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither

1

reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff raises the following arguments on appeal: (1) the Administrative Law Judge ("ALJ") violated agency regulations by failing to consider and explain her analysis of the opinion of Stephanie Deible, D.N.P.; (2) the ALJ erred by failing to properly consider and explain her analysis of the opinion of Ann Sandor, C.R.N.P.; and (3) the ALJ failed to provide sufficient reasons for rejecting Plaintiff's allegations that residuals from her back surgery produced disabling restrictions. (Doc. No. 12). The Court disagrees with Plaintiff and finds the ALJ properly analyzed the record and these opinions and, accordingly, affirms.

The Court finds no merit in Plaintiff's argument that the ALJ did not properly consider Ms. Deible's opinion. The ALJ analyzed this opinion, stating:

> Stephanie Deible, DNP, indicated that the claimant could sit one hour per day, stand one hour per day, walk one hour per day, climb one hour per day, lift one hour per day, kneel one hour per day, crawl one hour per day, squat/crouch one hour per day, bend one hour per day, drive one hour per day, lift ten pounds, and carry ten pounds (Exhibit 5F). Ms. Deible also indicated that the claimant could be around shellac, sawdust, paint thinner, chemicals, and cleaners one hour per day and could operate a vehicle one hour per day (Exhibit 5F). These opinions are not persuasive because they were rendered in 2018 and are not fully supported by the clinical signs and findings including an examination in February 2021 showing that the claimant appeared in no distress with a normal gait, no muscle spasms, no pain with palpation of the lumbar spine, a[nd] extremities, intact sensation, normal reflexes, and normal pulses (Exhibit 15F). These opinions are also inconsistent with the claimant's activities of daily living, in which she reported that she prepares meals, performs household chores, drives, goes grocery shopping, and attends her scheduled appointments (Exhibits 4E, 9E, and Testimony).
>
> * * *
>
> Stephanie Deible, DNP, indicated that the claimant would suffer flare-ups of her symptoms fourteen times per week at two to four hours each episode (Exhibit 5F). This opinion is not persuasive because it appears to overstate the claimant's limitations and is not fully supported by the clinical signs and findings including examinations from April 2021 through December 2021 showing that the claimant appeared alert and oriented with a normal mood and normal affect (Exhibits 24F, 25F, and 27F). This opinion is also

> inconsistent with the effectiveness of treatment, the findings rendered by the State agency psychological consultants, the opinion from the consultative examiner, and the claimant's activities of daily living discussed above.
>
> Ms. Deible also indicated that the claimant was unable to supervise inmates, exercise care, custody, or control over inmates, search inmates for contraband, or administer emergency assistance to inmates or staff (Exhibit 5F). This opinion is not persuasive because it does not provide specific functional limitations. It is also inconsistent with the findings rendered by the State agency psychological consultants and the opinion from the consultative examiner discussed above.

(R. 34-35). Considering this discussion, the ALJ thoroughly analyzed the supportability and consistency of Ms. Deible's opinion as she noted this opinion was not supported by examination findings and was rendered outside of the relevant time period. (*Id.*). The ALJ also noted that Ms. Deible's opinions were inconsistent with findings rendered by other medical sources and were inconsistent with Plaintiff's activities of daily living. Moreover, Plaintiff's daily activities were not "sporadic," as she contends, and included preparing meals and preforming household chores. (R. 32); *see, e.g.*, *McBee v. Colvin*, No. 15-263-J, 2017 WL 1101884, at *1 n.1 (W.D. Pa. Mar. 23, 2017) (stating that daily activities such as caring for personal needs, going outside, preparing simple meals, and reading were not sporadic or transitory in nature). Accordingly, the ALJ properly analyzed Ms. Deible's opinion.

The Court also rejects Plaintiff's argument that the ALJ did not properly analyze Ms. Sandor's opinion. The ALJ considered this opinion and found it not persuasive based on the following analysis:

> Ann Sandor, CRNP, indicated that the claimant could sit four hours and stand and/or walk four hours, would frequently be off task 34-66% of the time due to pain, would need more than twelve minutes of a rest period per hour, and would be absent from work more than two days per month (Exhibit 28F). This opinion is not persuasive because it is not fully supported by the objective medical evidence including examinations from April 2021 through September 2021 showing only mild tenderness at the lumbar paraspinal area bilaterally, no edema of the lower limbs bilaterally, only a mildly limited range of motion of the lumbar spine, negative straight leg raise bilaterally, intact sensation, 5/5 muscle strength of the bilateral lower extremities, normal reflexes, and no neurologic deficits (Exhibits 24F and 25F). This opinion is also inconsistent with the findings rendered by the State agency medical consultants, the claimant's medical treatment

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:		Counsel of record

---

> history, and the effectiveness of treatment, in which progress notes from April 2021 through September 2021 indicate that the claimant acknowledged that medication management helped and she described adequate pain relief and decreased muscle cramping (Exhibits 24F and 25F).

(R. 35). This analysis clearly shows that the ALJ found this opinion not supported by the objective medical evidence and inconsistent with the findings of other medical sources within the record. (*Id.*). Thus, the ALJ also properly analyzed this opinion.

Lastly, the Court finds no merit in Plaintiff's argument that the ALJ did not properly consider Plaintiff's testimony regarding her pain stemming from her back surgery. In so arguing, Plaintiff contends the ALJ did not properly consider Social Security Ruling ("SSR") 16-3p, which explains that once there is an evidence-based, medical foundation for alleged pain, ALJs must consider all the evidence to understand the extent of Plaintiff's pain and related limitations. SSR 16-3p, 2017 WL 5180304 (S.S.A. Oct. 25, 2017). However, while a claimant's testimony regarding her subjective complaints is certainly relevant and must be considered, an ALJ is not under an obligation to simply accept what the claimant said without question. *See* 20 C.F.R. § 404.1529(c)(4); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011). In this matter, the ALJ considered Plaintiff's complaints regarding her back pain and also discussed Plaintiff's pain after back surgery during the administrative hearing. (R. 30-31, 62-64). In her decision, the ALJ stated that Plaintiff's complaints were not consistent with post-operative treatment records and examinations, as Plaintiff frequently reported her pain management medications were effective and that her pain was stable. (R. 31). Accordingly, the ALJ complied with SSR 16-3p and adequately evaluated Plaintiff's complaints of back pain following her surgery.

The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.

4